UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

| |
|---|
| AINSWORTH ALI |
|                                    Plaintiff, |
| - versus - |
| AMG TRUCKING L.L.C. and ANTONIO M. GREGG |
|                                    Defendant. |

MEMORANDUM
AND ORDER
10-CV-2667

A P P E A R A N C E S

    CHERNY & PODOLSKY, PLLC
        8778 Bay Parkway, Suite 202
        Brooklyn, New York 11214
    By:    Steven V. Podolsky
        *Attorney for Plaintiff*

    NEWMAN, MYERS, KREINES, GROSS & HARRIS, P.C.
        14 Wall Street, 22nd Floor
        New York, New York 10005
    By:    Charles D. Cole, Jr.
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Ainsworth Ali brought this civil action for damages against Antonio Gregg and his company, AMG Trucking L.L.C., charging that Gregg caused Ali physical injury by negligently driving his tractor-trailer into Ali's car. After a two-day trial on the issue of liability, the jury returned a verdict for Gregg. Ali now moves for judgment as a matter of law ("JMOL") or, in the alternative, for a new trial. *See* Fed. R. Civ. Proc. 50(b), 59. For the reasons that follow, Ali's motion is denied in its entirety.

BACKGROUND

        At trial, Ali presented evidence that around 7 a.m. on the morning of December 11, 2009, his car was struck by a tractor-trailer that was switching lanes on the Brooklyn-Queens

Expressway ("BQE"). Ali introduced evidence that Gregg was the driver of the tractor-trailer involved in the collision. He testified that as the tractor-trailer continued driving down the BQE after the accident, he was able to view Gregg, who was operating the tractor-trailer, as well as the license plates on the tractor and trailer, both of which were registered to Gregg. Ali testified that as a result of the collision his car was damaged and he was physically injured.

Gregg impeached Ali on several points of his testimony, including the location of the accident and identification of Gregg and the tractor-trailer. Gregg also presented contrary evidence. He testified that he was in another location at the time of the alleged accident and he introduced expert testimony that the damage to Ali's car could not have been caused by the kind of accident Ali described.

At the close of all the evidence, Gregg moved for JMOL, which the Court denied. Ali did not make any such motion. The jury returned a verdict for Gregg.

## DISCUSSION

Under Rule 50(b) of the Federal Rules of Civil Procedure, a party may file a post-trial motion "direct[ing] the entry of judgment as a matter of law." Ordinarily, a court will consider the merits of such a motion only when it was preceded "at any time before the case [was] submitted to the jury" by a Rule 50(a) motion for JMOL and only to the extent the grounds it raises overlap with those raised in the earlier Rule 50(a) motion. Fed. R. Civ. Proc. 50(a)(2); *see Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998); *Ramos v. Cnty. of Suffolk*, 707 F. Supp. 2d 421, 426 (E.D.N.Y. 2010). Because Ali did not move under Rule 50(a) for JMOL before submission of his case to the jury, his post-trial Rule 50(b) motion is improper and may be denied on this ground alone.

Yet even assuming there is good reason to depart from the ordinary course and consider the merits of Ali's Rule 50(b) motion, the relief Ali seeks is inappropriate here. JMOL may be granted "only when, drawing all reasonable inferences regarding the weight of the evidence and the credibility of witnesses in favor of the non-movant, a reasonable jury could only have found for the movant." *Highland Capital Mgmt. LP v. Schneider*, 607 F.3d 322, 326 (2d Cir. 2010) (quoting *Kim v. Hurston*, 182 F.3d 113, 117 (2d Cir. 1999)). In this case, the dispute before the jury was, at bottom, an issue of credibility. The jury made its own judgments about the credibility of the witnesses and, in so doing, acted reasonably in finding that Ali failed to prove by a preponderance of the evidence the elements of his claim. I cannot grant JMOL merely because the jury could reasonably have made different determinations and found for Ali.

A new trial is also inappropriate. Under Federal Rule of Civil Procedure Rule 59, the jury's verdict may be set aside and a new trial ordered when the court is "convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 623 (2d Cir. 2001) (quoting *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998)) (internal quotation marks omitted). In contrast to a Rule 50(b) motion, a Rule 59 motion for a new trial permits trial courts to "weigh the evidence." *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992) (quoting *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978)) (internal quotation marks omitted).

Ali urges me to order a new trial because the verdict was against the weight of the evidence. However, weighing all the evidence presented, I am convinced that the result in this case was neither seriously erroneous nor a miscarriage of justice.

Ali further asks me to order a new trial on the grounds that Gregg's counsel suggested in his closing argument that it was "really frightening" that Ali identified Gregg as the

driver of the tractor-trailer only on the basis of his race. However, Ali failed to contemporaneously object to this remark and is thus procedurally barred -- in the absence of exceptional circumstances not present here -- from raising the objection for the first time in a motion for a new trial. *See Malmsteen v. Berdon, LLP*, 595 F. Supp. 2d 299, 309 (S.D.N.Y. 2009). Even progressing to the merits of this claim, I find that Gregg's counsel's comment is insufficient to warrant a new trial. "Not every improper or poorly supported remark made in summation irreparably taints the proceedings; only if counsel's conduct created undue prejudice or passion which played upon the sympathy of the jury should a new trial be granted." *Smith v. Nat'l R.R. Passenger Corp.*, 856 F.2d 467, 470 (2d Cir. 1988) (quoting *Strobl v. New York Mercantile Exch.*, 582 F. Supp. 770, 780 (S.D.N.Y. 1984)) (internal citations and quotation marks omitted). Considering the "totality of the circumstances," *Marcoux v. Farm Serv. & Supplies Inc.*, 290 F. Supp. 2d 457, 472 (S.D.N.Y. 2003), I find that Gregg's counsel's comment, although unnecessary and potentially inflammatory, was not so prejudicial as to require a new trial.

## CONCLUSION

For the reasons provided herein, plaintiff's motion for judgment as a matter of law or, alternatively, for a new trial is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 31, 2011
      Brooklyn, New York